[No. 4647. Decided August 11, 1903.]

GEORGE CARRATT, *Appellant,* v. HENRY B. CARRATT *et ux., Respondents.*

HUSBAND AND WIFE — SEPARATE PROPERTY — FORFEITURE OF LAND GRANT — PURCHASE OF PUBLIC LANDS BY SURVIVING SPOUSE.

The purchase by a surviving husband of lands which had been forfeited to the government by act of congress as part of the unearned grant to a railway company, under the preference right given thereby to one in possession, would give him a separate estate therein, even though the lands had been taken possession of by himself and wife, during the existence of the community, under conveyance from the railway company.

Appeal from Superior Court, Klickitat County.—Hon. ABRAHAM L. MILLER, Judge. Affirmed.

*H. Dustin* and *Brooks & Snover,* for appellant.

*W. B. Presby* and *Huntington & Wilson,* for respondents.

The opinion of the court was delivered by

HADLEY, J.—Henry B. Carratt and Sarah Carratt had been, for many years prior to November 28, 1889, husband and wife. On said date Sarah Carratt died. On March 29, 1887, and during the existence of the community arising from the said marriage relation, one Wise for a consideration of $2,500 executed a warranty deed to said Henry B. Carratt, purporting to convey certain described lands in Klickitat county, Washington. Said Carratt and wife at once entered into the possession of said lands and continued to occupy the same until the time of the wife's death. Henry B. Carratt remained in possession thereof after his wife's death. The said Wise, grantor in said deed, claimed title to the land by virtue of a conveyance thereof made by the Northern Pacific Railroad Company, bearing date March 24, 1887. The lands described in the deeds above mentioned were included in the land grant made to said railroad company by act of Congress. On September 29, 1890, Congress passed what is commonly called the "Forfeiture Act," whereby it declared "that there is hereby forfeited to the United States, and the United States hereby resumes the title thereto, all lands heretofore granted to any state or to any corporation to aid in the construction of a railroad opposite to and coterminous with the portion of any such railroad not now completed, and in operation, for the construction or benefit of which such lands were granted; and all such lands are

declared to be a part of the public domain." U. S. Comp. St., 1901, p. 1598 (26 St. at Large, 496). By the terms of said act the lands sought to be conveyed by the said deeds became a part of the public domain. Under the provisions of § 3 of the act a person then in possession of lands thus restored to the United States, such possession being under deed or contract from the corporation to which the grant was originally made, was entitled to purchase the land from the United States in quantities not exceeding 320 acres to any one person within two years from the passage of the law. As such person in possession of the lands above referred to Henry B. Carratt applied to purchase the same, and, having complied with the requirements of the law, a patent was issued to him bearing date May 31, 1892. Said patent conveyed to him all the lands described in the above mentioned deeds except twenty acres, and the latter was by patent of date August 27, 1892, conveyed to one Hinshaw, the same having been previously conveyed by deed from Hinshaw and wife to Henry B. Carratt October 28, 1891. Henry B. Carratt died February 5, 1900, and by will he devised all of said lands to Rachel Carratt. He remained in possession of the land until the time of his death, and since that time Rachel Carratt has been in possession thereof. George Carratt, the plaintiff and appellant in this action, is a son of Henry B. Carratt and Sarah Carratt, and is the only heir of Sarah Carratt. He brought this suit, claiming that the lands acquired as above stated were the community property of his father and mother, and that he, as the heir of his mother, is entitled to one-half of the lands. He seeks a partition of the lands. Rachel Carratt, the devisee of the lands under the will, is a granddaughter of Henry B. Carratt, and her co-defendant, Harry B. Carratt, is a

grandson of said Henry B. Carratt. Said Harry B. Carratt was a beneficiary under the will, but not a devisee of any interest in the land. The court, after a trial, concluded that the property in question was not community property, but was the separate property of Henry B. Carratt at the time of his death, and that the entire title thereto vested in Rachel Carratt by virtue of said last will. Judgment was entered that the plaintiff shall take nothing by his action, and that defendants shall recover costs. Plaintiff has appealed.

The respondent Rachel Carratt urges, first, that the lands were not community property, and further, that, if they were, appellant is barred by adverse possession, and is also estopped by a release of all his interest in his mother's estate, executed by him to his father Henry B. Carratt. We think, under the facts hereinbefore stated, that the lands were not the property of the community. With the death of the wife in November, 1889, the community ceased to exist. Nearly one year after that time the act of Congress mentioned above declared a forfeiture of the lands, and the title became absolute in the government. The act extended to the person in possession the privilege of purchasing. The privilege was granted to the person in actual possession at the time the law was passed. That person was Henry B. Carratt. The community was not in possession after the death of the wife, since it had ceased to be. The community, therefore, could not have been in possession when the law was passed, for the reason that no such an entity then existed. Actual possession by the purchaser was made a necessary element of the right to purchase granted by the law. The title conveyed by the government must therefore have vested in the person so in possession, proof of which was required before the convey-

ance was made. The property was acquired by Henry B. Carratt after the dissolution of the community by virtue of a right extended to him under a statute that did not exist in the lifetime of the community. He happened to be the surviving spouse, it is true. The right was not extended to him as such, however, but as the person in possession. We think it must be held that the lands so conveyed to him became the separate property of Henry B. Carratt. The same is true of the tract patented to Hinshaw. That was acquired by Hinshaw long after the community was dead, and was also conveyed by him to Henry B. Carratt nearly two years after the community ceased to exist. None of the lands were afterwards conveyed by Henry B. Carratt, and he was therefore authorized to dispose of them by his last will. By the terms of the will the respondent Rachel Carratt became the holder of the entire title, and the appellant is not entitled to any share in the lands.

The above point essentially disposes of the case. The trial court also found facts from which it concluded that appellant was barred in any event by adverse possession, and also that he was estopped by a quitclaim and release unto his father of all interest in his mother's estate. It is not necessary that we shall discuss these points, further than to say that from our examination of the evidence we should not be disposed to disturb the findings and conclusions in those particulars, even though it were necessary to discuss them for the determination of the case.

The judgment is affirmed.

FULLERTON, C. J., and ANDERS and MOUNT, JJ., concur.